UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RONALD EDWARD KENNISON,         )
                                )
    Plaintiff              )
                                )
v.                              )   1:10-cv-00113-JAW
                                )
SOCIAL SECURITY ADMINISTRATION  )
COMMISSIONER,                   )
                                )
    Defendant              )

**REPORT AND RECOMMENDED DECISION**

The Social Security Administration found that Ronald Edward Kennison has severe impairments consisting of degenerative disk disease, degenerative joint disease of the left knee, tinnitus with hearing loss, and obesity, but retains the functional capacity to perform substantial gainful activity in occupations existing in significant numbers in the national economy, resulting in a denial of Kennison's application for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act. Kennison commenced this civil action to obtain judicial review of the final administrative decision, alleging errors at step 4 of the sequential evaluation process. I recommend that the Court affirm.

**Standard of Review**

The standard of review is whether substantial evidence supports the Commissioner's findings. 42 U.S.C. §§ 405(g), 1383(c)(3); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. Richardson v. Perales, 402 U.S. 389, 401 (1971); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

**The Administrative Findings**

The Commissioner's final decision is the November 6, 2009, decision of Administrative Law Judge John Edwards because the Decision Review Board selected the decision for review but did not complete its review during the time allowed. Note that the Decision Review Board previously vacated and remanded a January 2009 decision by Judge Edwards for further development and refinement. (Notice of Order of DRB and Order of DRB Remanding Case, Doc. No. 5-3, R. 130-34.) The decision under review tracks the familiar five-step sequential evaluation process for analyzing social security disability claims. (Docs. Related to Admin. Process, Doc. No. 5-2, R. 7-16.[1])

At step 1 of the sequential evaluation process, the Judge found that Kennison met the insured status requirements of Title II through March 31, 2010, and has not engaged in substantial gainful activity since September 15, 2005, the date of alleged onset of disability. (Findings 1 & 2, R. 9.)

At step 2, the Judge found the following severe physical impairments: degenerative disk disease; degenerative joint disease of the left knee with prior surgery; tinnitus with hearing loss; and obesity. (Finding 3, R. 9.) Kennison does not raise an objection to the step 2 findings.

At step 3, the Judge found that this combination of impairments would not meet or equal any listing in the Commissioner's Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P. (Finding 4, R. 10.) Kennison does not press a contrary argument here.

---

[1] The Commissioner has consecutively paginated the entire administrative record ("R."), which has been filed on the Court's electronic docket in a series of attachments to docket entry 5.

As for residual functional capacity (RFC), the Judge found that Kennison's combined impairments result in: a limitation to sedentary work; an ability to lift and/or carry 20 pounds occasionally, 10 pounds frequently; an ability to stand or walk up to 2 hours in an 8-hour workday with normal breaks; an ability to sit throughout an 8-hour day with normal breaks "while being allowed to periodically alternate between sitting and standing." (Finding 5, R. 10-11.) Additional postural, manipulative, communicative (hearing) and environmental limitations were noted. (Id.) Kennison raises an objection to this finding.

At step 4, the Judge found that this degree of limitation precluded past relevant work, which was in light, medium, and heavy exertion occupations. (Finding 6, R. 14.)

At step 5, the Judge, relying on vocational expert testimony, found that Kennison could still engage in other substantial gainful employment, including as a document preparer (Dictionary of Occupational Titles #249.587-018), type-copy examiner (#979.687-026), and call-out operator (#237.367-014). (Finding 10, R. 15.) Consequently, the Judge found that Kennison was not under a disability between the alleged onset date of September 15, 2005, through the date of his decision. (Finding 11, R. 15.) Kennison does not assail the vocational testimony itself, but challenges the RFC assumptions upon which it was based.

### Discussion of Plaintiff's Statement of Errors

Kennison argues that it was error *per se* for the Judge to find a need to alternate "periodically" between sitting and standing, without specifying frequency. (Statement of Errors at 2-3.) He also alleges that the Judge failed to properly analyze the effect of obesity in line with Social Security Ruling 02-1p. (Id. at 3-5.) Plaintiff's counsel and Commissioner's counsel argued these points of error in a telephonic oral argument that transpired on March 14, 2011. Based on positions taken at oral argument, the Commissioner concedes that the Judge failed to

discuss what limitations arose from obesity, but argues that there is no harm because the record as developed by Kennison does not explain the effect of obesity, either. As for the need to alternate between sitting and standing, the Commissioner says there is no harm here, either, because the vocational expert testified that the jobs he identified for purposes of step 5 would accommodate a change in position on an at will basis. For reasons that follow, I recommend that the Court affirm the Administrative Law Judge's decision and enter judgment for the Commissioner.

## A. "Periodically" Alternate Sit/Stand

The Judge stated his finding concerning the need to alternate between sitting and standing as a need to "periodically" alternate position. Because Kennison is restricted to less than the full range of sedentary occupations, Social Security Ruling 96-9p is implicated. Ruling 96-9p requires that a residual functional capacity assessment be "specific" in relation to the frequency of a claimant's need to alternate between sitting and standing when impairments restrict the claimant to a subset of sedentary work and the need to alternate position exceeds what can be accommodated by scheduled breaks. 1996 SSR LEXIS 6, *1, *8, *18-19, 1996 WL 374185, *1, *3, *7. See also Social Security Ruling 83-12, 1983 SSR LEXIS 32, *9-10, 1983 WL 31253, *4 ("Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS [vocational specialist] should be consulted to clarify the implications for the occupational base."). The Judge's use of the term "periodically" is potentially problematic because the term is vague. However, assuming for the sake of argument that the Judge's word choice was not in keeping with Ruling 96-9p, the record still supports the Judge's step 5 finding that Kennison's need to alternate position does not prevent him from performing specific occupations existing in significant numbers in the national

economy.

At the September 2009 hearing, both the Judge and Kennison's hearing representative elicited testimony from a vocational expert. The vocational expert identified three jobs having what he termed a "sit/stand option." He also mentioned a "fixed work station," which he later described as a work station that keeps the worker in one place, where he or she can sit or stand at a table to complete work tasks. (9/24/2009 Hr'g Tr. at 27, R. 49, PageID#68.) Thereafter, the vocational expert testified that he understands the "sit/stand option" to allow for needed "postural change, *sitting to standing as needed* while the job tasks are still being completed." (Hr. Tr. at 29, R. 51 (emphasis added).) This District has held that vocational expert testimony providing occupations with an at-will sit/stand option renders harmless any technical error involving noncompliance with the sit/stand specificity requirement of Rule 96-9p. Fallon v. Soc. Sec. Admin., 1:10-cv-00058-JAW, 2011 U.S. Dist. Lexis 4644, *7-8, 2011 WL 167039, *3 (D. Me. Jan. 14, 2011); Cutting v. Astrue, 2:09-cv-00423-GZS, 2010 U.S. Dist. Lexis 71937, *8, 2010 WL 2595144, *3 (D. Me. June 23, 2010). Because the vocational expert identified occupations that allow for "as needed" sit/stand adjustments, the Ruling 96-9p error does not afford a basis for remand.

**B.    Obesity**

Kennison contends that a remand is warranted in his case because the Judge did not conduct a focused inquiry into the impact obesity has on Kennison's ability to sustain work activity. (Statement of Errors at 3-4.) He cites Ruling 02-1p in support of this argument. Ruling 02-1p provides guidance on the Administration's policy concerning the evaluation of obesity in Title II and Title XVI claims for disability benefits. The Ruling is advisory and explains how obesity can impact an individual's ability to perform various work-related tasks. It explains how

5

obesity can serve as a severe impairment or contribute to the finding of a severe impairment at step 2, how obesity can serve as a material factor in a step 3 listing analysis, and how obesity can result in functional limitations for purposes of a residual functional capacity analysis. The Ruling offers some specific examples of how obesity can limit functioning for purposes of a residual functional capacity assessment, states that "[a]n assessment should be made of the effect obesity has," and advises that "we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." 2002 SSR Lexis 1, *17-18, 2002 WL 628049, *6-7.

Here, the Judge identified obesity as a severe impairment in the heading of his step 2 finding, but never mentioned the impairment again. The Judge's decision fails to deliver on the promise made in Ruling 02-1p that an explanation would be provided. Kennison calls for a strict compliance rule that directs a remand in all such cases. He also argues that the Judge's failure to discuss the impact of obesity undermines the Judge's credibility assessment about the degree of pain Kennison experiences in his back and left knee due to degenerative disk and joint disease.

The assessment of Kennison's residual functional capacity (RFC), as far as his obesity is concerned, turns on the impact that condition has on his spine and knee impairments, both of which impose restrictions caused by pain. Kennison fails to direct the Court to any records documenting other functional restrictions he experiences on account of obesity, such as a mental limitation secondary to sleep apnea, manipulation challenges due to adipose tissue in his hands or fingers, difficulties with respiration, or any of the other functional areas mentioned in the Ruling as being commonly impacted by obesity. The RFC assessments in the record are all physical RFC assessments and they all are directed to the limiting effect of trauma-induced lower back pain and left knee pain. (See, e.g., Ex. 7F, Ex. 24F, and Dr. Webber's 12/3/08 Hr'g Test.,

R. 87.) All of the expert RFC evaluators found a residual work capacity, including Dr. Dettlebach, a treatment provider whose own medical source statement contains no mention of obesity. (Ex. 24F, PageID # 594.)

In the context of this kind of record, a remand for strict compliance with Ruling 02-1p would amount to a purely wooden application of the Ruling. In this Circuit, "a remand is not essential if it will amount to no more than an empty exercise." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000). There mere fact that Kennison's body mass index is in the obese range does not undermine the Judge's credibility assessment about the limiting effect that chronic back and knee pain have on Kennison's functional capacity.[2]

## Conclusion

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court AFFIRM the Commissioner's final decision and enter judgment in favor of the Commissioner.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 25, 2011

---

[2] The record arguably rules out "stooping," contrary to the Judge's RFC finding. However, the vocational expert testified that the jobs he identified for purposes of step 5 would not require stooping. (R. 47, PageID # 66.)